1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                  SOUTHERN DISTRICT OF CALIFORNIA

9

10   RALPH LEE BURTON,              )  Civil No. 10-1797-WQH(WVG)
                                    )
11              Petitioner,         )  REPORT AND RECOMMENDATION:
                                    )
12   v.                             )  GRANTING RESPONDENT'S MOTION
                                    )  TO DISMISS (DOC. # 6)
13   MATTHEW CATE,                  )
                                    )  DENYING PETITIONER'S MOTION TO
14              Respondent.         )  STRIKE (DOC. #9)
     ───────────────────────────── )
15                                     DENYING PETITIONER'S MOTION
                                       FOR EVIDENTIARY HEARING
16                                     (DOC. # 20)

17

18        Ralph Lee Burton ("Petitioner"), a state prisoner proceeding

19   *pro se*, has filed a Petition For Writ of Habeas Corpus pursuant to

20   28 U.S.C. §2254. Respondent Gary Sanders ("Respondent") has filed a

21   Motion to Dismiss the Petition. Petitioner has filed an Opposition

22   to the Motion to Dismiss. Respondent has filed a Reply to Plain-

23   tiff's Opposition. Petitioner also filed a Motion to Strike

24   Respondent's Motion to Dismiss and a Motion for Evidentiary Hearing.

25   Respondent filed an Opposition to the Motion to Strike.

26        The Court, having reviewed Petitioner's Petition, Respon-

27   dent's Motion to Dismiss, Plaintiff's Opposition, Respondent's Reply

28   and the lodgments presented therewith, as well as Petitioner's

1    Motion to Strike and Motion for Evidentiary Hearing, finds that

2    Petitioner is not entitled to the relief requested and that

3    Petitioner's Petition is barred by the statute of limitations.

4    Therefore, the Court RECOMMENDS that Respondent's Motion to Dismiss

5    be GRANTED and Petitioner's Motion to Strike and Motion For

6    Evidentiary Hearing be DENIED.

7                                    I

8                         PROCEDURAL HISTORY

9         On October 16, 2006, Petitioner pled guilty to one count of

10   rape in violation of Cal. Penal Code § 261(a)(2) and oral copulation

11   by force in violation of Cal. Penal Code § 288(a)(c)(2). On November

12   14, 2006, Petitioner entered into a plea agreement wherein he was

13   sentenced to eight years imprisonment.

14        Petitioner did not appeal his convictions or sentence.

15        On September 30, 2007, Petitioner constructively[1] filed a

16   Petition For Writ Of Habeas Corpus in the San Diego Superior Court.

17   (Respondent's Lodgment No. 4). On February 1, 2008, the Superior

18   Court issued an Order To Show Cause for Respondent to file a Return

19   as to two of Petitioner's three claims. (Respondent's Lodgment No.

20   4).  On October 8, 2008, the Superior Court, at a hearing, denied

21   the Petition.  (Respondent's Lodgment No. 7; Petitioner's Lodgment

22   No. 1 at 83-84).

23        On May 15, 2009, Petitioner filed a Petition For Writ Of

24   Habeas Corpus in the California Court of Appeal. (Respondent's

25   Lodgment No. 8). On August 5, 2009, the Court of Appeal denied the

26   Petition. (Respondent's Lodgment No. 9).

27   _____

28        [1]The Court gives Petitioner the benefit of the "mailbox rule" which deems
     that a petition is constructively filed when it is delivered to prison officials
     for filing. Houston v. Lack, 487 U.S. 266(1988).

On August 8, 2009, Petitioner filed a second Petition for Writ of Habeas Corpus in the California Court of Appeal. (Respondent's Lodgment No. 10). On October 20, 2009, the Petition was denied. (Respondent's Lodgment No. 11).

On October 27, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court. (Respondent's Lodgment No. 12). On June 9, 2010, the California Supreme Court denied the Petition. (Respondent's Lodgment No. 13).

On August 27, 2010, Petitioner filed the Petition for Writ of Habeas Corpus that is now before this Court.

II

PETITIONER'S PETITION IS BARRED

BY THE STATUTE OF LIMITATIONS

1.   The AEDPA's One-Year Statute of Limitations

Respondent argues that the Petition is barred by the Antiterrorism and Effective Death Penalty Act's ("the AEDPA") statute of limitations. The provisions of the AEDPA apply to petitions for writs of habeas corpus filed in federal court after the AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 2068 (1997). Therefore, because the Petition was filed on August 27, 2010, the AEDPA applies to this case.

Prior to the enactment of the AEDPA on April 24, 1996, "state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), cert. denied, 118 U.S. 897 (1998), overruled on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998).

1    "[D]elays of more than a decade did not necessarily bar a prisoner

2    from seeking relief."   Id.

3         With enactment of the AEDPA, a state prisoner's time frame

4    for seeking federal habeas relief was dramatically limited.   The

5    AEDPA amended 28 U.S.C. § 2244 by, in part, adding subdivision (d),

6    which provides for a one-year limitation period for state prisoners

7    to file habeas corpus petitions in federal court.   Section 2244(d)

8    states, in pertinent part:

9         (d)(1)    A 1-year period of limitation shall apply to an
          application for a writ of habeas corpus by a person in
10        custody pursuant to the judgment of a State court.   The
          limitation period shall run from the latest of -
11

12             (A)  the date on which the judgment became
               final by the conclusion of direct review
13             or the expiration of the time for seeking
               such review;
14
               (B)  the date on which the impediment to
15             filing an application created by State
               action in violation of the Constitution or
16             laws of the United States is removed, if
               the applicant was prevented from filing by
17             such State action;

18             (C)  the date on which the constitutional
               right asserted was initially recognized by
19             the Supreme Court, if the right has been
               newly recognized by the Supreme Court and
20             made retroactively applicable to cases on
               collateral review; or
21
               (D)  the date on which the factual predi-
22             cate of the claim or claims presented could
               have been discovered through the exercise
23             of due diligence.

24        (2)  The time during which a properly filed applica-
          tion for State post-conviction or other collateral
25        review with respect to the pertinent judgment or claim

26
          is pending shall not be counted toward any period of limita-
27        tion under this subsection.

28

1     Petitioner did not file an appeal after he was sentenced on
2  November 14, 2006. If a petitioner does not appeal the state court
3  judgment, his conviction becomes final on the date on which the time
4  for filing such an appeal expired. U.S. v. Garcia, 210 F.3d 1058 (9th
5  Cir. 2000); Miller v. Adams, 2009 WL 6526009 at *2 (S.D. Cal. 2009);
6  Kapral v. U.S., 166 F.3d 565, 575, 577 (3rd Cir. 1999); Lewis v.
7  Mitchell, 173 F. Supp 2d 1057, 1060 (C.D. Cal. 2001). In California,
8  a conviction becomes final 60 days after the Superior Court
9  proceedings have become final. Lewis, 173 F. Supp 2d at 1060.

10     Therefore, absent tolling, Petitioner had one year or until
11  January 13, 2008, to file his Petition For Writ of Habeas Corpus in
12  this Court. However, as explained in detail below, Petitioner waited
13  over one year to file the Petition that is now before the Court,
14  thus making it untimely and barred by the statute of limitations.

15     Petitioner filed several petitions for post-conviction relief
16  in the California Superior and Supreme Courts. The statute of
17  limitations is tolled while a "properly filed" state habeas corpus
18  petition is "pending" in the state court. Under the holding of Nino
19  v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), the "statute of
20  limitations is tolled from the time the first state habeas petition
21  is filed until the California Supreme Court rejects petitioner's
22  final collateral challenge," provided the petitions were properly
23  filed and pending during that entire time. The statute of
24  limitations is not tolled from the time a final decision is issued
25  on direct state appeal and the time the first state collateral
26  challenge is filed because there is no case "pending" during that
27  interval. Nino, 183 F.3d at 1006

28

1    The meaning of the terms "properly filed" and "pending" in

2   <u>Nino</u> have been clarified by the United States Supreme Court. In

3   <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), the Court held that the time

4   between denial in a lower California court and the filing of a

5   subsequent petition in the next higher court does not toll the

6   statute of limitations, if the petition is ultimately found to be

7   untimely. <u>Id.</u> at 223-226. In <u>Pace v. DiGuglielmo</u>, 544 U.S. 408

8   (2005), the Court held that statutory tolling is not available for

9   the period a petition is under consideration, if it is dismissed as

10  untimely. <u>Id.</u> at 413.

11   In <u>Evans v. Chavis</u>, 546 U.S. 189 (2006), the Court held that

12  in the absence of a clear indication by the California Supreme Court

13  that a petition is untimely, "the federal court must itself examine

14  the delay in each case and determine what the state courts would

15  have held in respect to timeliness." <u>Id.</u> at 197. The <u>Evans</u> Court

16  gave some guidance in making that determination: federal courts must

17  assume (until the California courts state otherwise) that California

18  law regarding timeliness does not differ significantly from other

19  states which use thirty or sixty day rules for untimeliness and, a

20  six month unexplained delay is presumptively unreasonable.

21   Statutory tolling is unavailable for the interval between

22  successive filings in the same court. <u>Dils v. Small</u>, 260 F.3d 984,

23  986 (9th Cir. 2001); <u>Camacho v. Hernandez</u>, 2009 WL 192483 at *4 (S.D.

24  Cal. 2009).

25   However, the Ninth Circuit applies a two part test to

26  determine whether the period between the denial of one petition and

27  the filing of a second petition in the same court should be tolled.

28  <u>Banjo v. Ayers</u>, 614 F.3d 964, 968 (9th Cir. 2010), citing <u>Hamerle v.</u>

1   <u>Schriro</u>, 495 F.3d 1069, 1075 (9th Cir. 2007). First, the court must

2   ask whether the petitioner's subsequent petitions are limited to an

3   elaboration of the facts relating to the claims in the first

4   petition. <u>King v. Roe</u>, 340 F. 3d 821, 823 (9th Cir. 2003).  If the

5   petitions are not related, the subsequent petition constitutes a new

6   round of collateral attack, and the time between them is not tolled.

7   <u>Banjo</u>, <u>supra</u>, at 969, citing <u>Hemerle</u>, <u>supra</u>, at 1075.  If the

8   successive petition was attempting to correct deficiencies of a

9   prior petition, then the petitioner is still making "proper use of

10  state court procedures" and habeas review is still pending. <u>Banjo</u>,

11  <u>supra</u>, at 969, citing <u>King</u>, <u>supra</u>, at 823.

12      Petitioner's first petition for relief after his convictions

13  and sentence became final was filed on September 30, 2007 in the San

14  Diego Superior Court. On October 8, 2008, the Superior Court denied

15  the Petition. From January 13, 2007 (the date Petitioner's convic-

16  tions and sentence became final) to September 30, 2007, (the date

17  Petitioner filed a Petition for Writ of Habeas Corpus in the San

18  Diego Superior Court) (**8 months, 17 days)**, the statute of limita-

19  tions was **not tolled** because there was no case pending during that

20  interval. <u>Nino</u>, 183 F.3d at 1006.

21      Petitioner waited until May 15, 2009 to file a Petition for

22  Writ of Habeas Corpus in the California Court of Appeal. On August

23  5, 2009, the Court of Appeal denied the Petition.[2] From October 8,

24  2008 (the date the San Diego Superior Court denied the Petition for

25  Writ of Habeas Corpus) to May 15, 2009 (the date Petitioner filed

26

27      [2] The Court of Appeal denied the Petition because Petitioner had failed to
    supply the Court of Appeal with the order of the Superior Court denying the
    Petition for Writ of Habeas Corpus filed in that court, or a transcript of the
28  proceedings in which the Petition for Writ of Habeas Corpus was denied.
    (Respondent's Lodgment No. 9). Denial of a petition for writ of habeas corpus is
    final upon filing. Cal. Rules of Court, Rule 8.387.

1    the Petition for Writ of Habeas Corpus in the California Court of

2    Appeal), **(7 months, 5 days)**, the statute of limitations was not

3    tolled because a six month (or more) delay is presumptively

4    unreasonable and does not toll the statute of limitations. <u>Evans</u>,

5    546 U.S. at 197.

6         On August 8, 2009, Petitioner filed a second Petition for

7    Writ of Habeas Corpus in the California Court of Appeal.  On October

8    20, 2009, the Court of Appeal denied the second Petition.

9         The Court determines that from May 15, 2009 (the date

10   Petitioner filed his first Petition for Writ of Habeas Corpus in the

11   California Court of Appeal) to October 20, 2009 (the date the

12   California Court of Appeal denied the second Petition for Writ of

13   Habeas Corpus), the statute of limitations was tolled because

14   Petitioner, by filing the second Petition for Writ of Habeas Corpus,

15   attempted to correct deficiencies in the first Petition for Writ of

16   Habeas Corpus. <u>Banjo</u>, 614 F.3d at 969; <u>King</u>, 340 F.3d at 823.

17        From October 27, 2009 (the date Petitioner filed a Petition

18   for Writ of Habeas Corpus in the California Supreme Court) to June

19   9, 2010 (the date the California Supreme Court denied the Petition)**,**

20   the statute of limitations was tolled because Petitioner was

21   properly pursuing his state court remedies.[3/]

22        On August 27, 2010, Petitioner filed the Petition for Writ of

23   Habeas Corpus that is now pending before this Court.  From June 9,

24   2010 (the date the California Supreme Court denied the Petition for

25   Writ of Habeas Corpus) to August 27, 2010, **(2 months, 18 days)**, the

26

27   _____

28        [3/]A decision of the California Supreme Court is final upon filing. <u>Phelps v. Alameda</u>, 366 F.3d 722, 724 (9th Cir. 2004); Cal. Rules of Court, Rule 8.532(b)(2)(A). There is no 30-day in finality as Petitioner suggests.

statute of limitations was not tolled because there was no case
pending during that interval. <u>Nino</u>, 183 F.3d at 1006.

Adding together the three periods of time when the statute of
limitations was **not tolled** (**8 months, 17 days + 7 months, 5 days +
2 months, 18 days**), results in a total of **one year, six months and
ten days**, which is beyond the one year statute of limitations
mandated by 28 U.S.C. § 2244(d)(1)(A). Accordingly, Petitioner
failed to file his Petition for Writ of Habeas Corpus in a timely
fashion and it is therefore barred.

2.   <u>Petitioner is Not Entitled to Equitable Tolling of the
Statute of Limitations</u>

Petitioner argues that he is entitled to equitable tolling of
the statute of limitations because extraordinary circumstances
prevented him from filing a timely Petition for Writ of Habeas
Corpus in this Court. Specifically, he claims that he is entitled to
equitable tolling of the statute of limitations because:

(A) he was housed in a prisoner Reception Center for ten
months, where he did not have access to a law library;

(B) The Superior Court failed to send him a Notice of Entry
of Judgment for the denial of his Petition for Writ of Habeas Corpus
in that court, which required him to wait for six months until the
Superior Court's ruling became final;

(C) The Superior Court misadvised him to appeal the denial of
his Petition for Writ of Habeas Corpus, which he relied upon,
resulting in another six month delay;

(D) Petitioner's counsel informed him that he would file a
Notice of Appeal, but did not do so, which caused:

(i) Petitioner to believe that his claims were being pursued
via an appeal, and

1      (ii) a delay in his filing of a Petition for Writ of Habeas

2   Corpus in the California Court of Appeal; and

3      (E) The Court of Appeal required him to file a copy of the

4   October 8, 2008 hearing transcript, but the Superior Court denied

5   his request for the transcript.

6      Respondent argues that Petitioner is not entitled to

7   equitable tolling of the statute of limitations.

8      The U.S. Supreme Court has held that equitable tolling is

9   available under 28 U.S.C. § 2244(d). see Holland v. Florida, 130

10  S.Ct. 2549, 2554, 2562 (2010). In Holland, the Court recognized

11  equitable tolling of the AEDPA one-year limitations period when the

12  prisoner can show "(1) that he has been pursuing his rights

13  diligently, and (2) that some extraordinary circumstance stood in

14  his way." Id. at 2562 (quoting Pace, 544 U.S. at 418). The Ninth

15  Circuit has held that AEDPA's one-year statute of limitations is

16  subject to equitable tolling. Calderon v. United States Dist. Court

17  (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other

18  grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d

19  530, 540 (9th Cir. 1998). However, the Ninth Circuit in Beeler noted

20  that "equitable tolling will not be available in most cases, as

21  extensions of time will only be granted if 'extraordinary circum-

22  stances' beyond a prisoner's control make it impossible to file a

23  petition on time." Id. [quoting Alvarez-Machain v. United States,

24  107 F.3d 696, 701 (9th Cir. 1996)]. The Beeler court wrote that

25  district judges must "take seriously Congress's desire to accelerate

26  the federal habeas process" and "only authorize extensions when this

27  high hurdle is surmounted." Id. at 1289.

28

1   The burden is on Petitioner to show that the "extraordinary
2   circumstances" he has identified were the proximate cause of his
3   untimeliness, rather than merely a lack of diligence on his part.
4   Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Stillman v.
5   LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003). Equitable tolling "is
6   unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1107
7   (9th Cir. 1999). "[T]he threshold necessary to trigger equitable
8   tolling (under AEDPA) is very high, lest the exceptions swallow the
9   rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

10   The obligation to act diligently "does not pertain solely to
11   the filing of the federal habeas petition, rather it is an obliga-
12   tion that exists during the period appellant is exhausting state
13   court remedies as well." Roy v. Lampert, 465 F.3d 964, 972 (9th Cir.
14   2006) citing Lacava v. Kyler, 398 F.3d 271, 277 (3rd Cir. 2005). When
15   courts assess a habeas petitioner's argument in favor of equitable
16   tolling, they must conduct a "highly fact-dependent" inquiry.
17   Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000), Lott v.
18   Mueller, 304 F.3d 918, 923 (9th Cir. 2002). The extraordinary
19   circumstances must be the "but-for and proximate cause" of the
20   untimely filing. Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001).

21   A. Reception Center

22   Petitioner argues that for ten months, he was in a prisoner
23   Reception Center,[4/] where he did not have access to a law library.
24   Respondent argues that Petitioner was not housed in a prisoner
25   Reception Center for more than 18 days.  Respondent does not dispute

26
27
28   _____
        [4/]A prisoner Reception Center provides short-term housing to process,
     classify and evaluate incoming prisoners. Martinez v. Brown, 2011 WL 1130458 (S.D.
     Cal. 2011).

1    that while Petitioner was at a prisoner Reception Center, he did not

2    have access to a law library.

3        A petitioner's loss of access to his legal materials may

4    satisfy the "extraordinary" circumstances" requirement for equitable

5    tolling. <u>Lott</u>, 304 F.3d at 924-925. However, delays in utilizing the

6    prison library do not constitute "extraordinary circumstances,"

7    entitling a petitioner to equitable tolling of the statute of

8    limitations. <u>Hood v. Galaza</u>, 47 F. Supp 2d 1144, 1148 (S.D. Cal.

9    1999); <u>Stinson v. Cate</u>, 2010 WL 836930 at *6 (C.D. Cal. 2010),

10   citing <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998) <u>cert.</u>

11   <u>denied</u> 525 U.S. 891 (1998).

12       Here, according to Petitioner's prison Movement History

13   (Respondent's Reply to Petitioner's Opposition to Motion to Dismiss,

14   Exh. 1):

15       1. On January 18, 2006, Petitioner was admitted to a

16   Reception Center.

17       2. On January 20 and 27, 2006, Petitioner was moved to a new

18   unit.

19       3. On February 5, 2006, Petitioner was transferred from the

20   Reception Center to another prison.

21       4. On July 27, 2007, Petitioner was transferred to another

22   prison.

23       5. On May 21, and August 28, 2008, Petitioner was temporarily

24   released to a hospital and returned the same day.

25       6. On September 24, 2008, Petitioner was temporarily

26   transferred to a Reception Center at another prison.

27

28

7. On October 1, 2008, Petitioner was temporarily released to a prison in San Diego for a hearing on his Petition for Writ of Habeas Corpus.

8. On October 15, 2008, Petitioner was returned to the Reception Center where he was housed prior to his transfer to San Diego.

9. On October 30, 2008, Petitioner was transferred to another prison.

10. From October 30, 2008 to the present, Petitioner was housed at various prisons and in various units which were not Reception Centers.

Review of Petitioner's Movement History shows that Petitioner spent a total of 40 days in a Reception Center: from January 18, 2006 to February 5, 2006, from September 24, 2008 to October 30, 2008 and from October 15, 2008 to October 30, 2008. From January 18, 2006 to February 5, 2006 **18 days** elapsed. From September 24, 2008 to October 1, 2008 **7 days** elapsed. From October 15, 2008 to October 30, 2008, **15 days** elapsed. At all other times, except for Petitioner's movements to and from hospitals, Petitioner had access to law library.

As previously noted in this Report and Recommendation, the first interval in which the statute of limitations was not tolled was from January 13, 2007 to September 30, 2007. Therefore, Petitioner's confinement in a Reception Center from January 18, 2006 to February 5, 2006 does not affect the statute of limitations in this case.

10CV1797

1    The second interval in which the statute of limitations was

2    not tolled was from October 8, 2008 to May 15, 2009. Petitioner was

3    housed at a Reception Center from September 24, 2008 to October 1,

4    2008 (**7 days)** and from October 15, 2008 to October 30, 2008 (**15**

5    **days).**

6    Since the statute of limitations was not tolled beginning on

7    October 8, 2008, Petitioner's housing in a Reception Center from

8    September 24, 2008 to October 1, 2008 does not affect the statute of

9    limitations in this case.

10   Petitioner was housed in a Reception Center from October 15,

11   2008 (**7 days** after the statute of limitations was not tolled) to

12   October 30, 2008 (**15 days** after October 15, 2008). This totals 22

13   days when the statute of limitations was not tolled. However, a 22

14   day delay in not being able to utilize a prison law library does not

15   constitute extraordinary circumstances to justify the equitable

16   tolling of the statute of limitations. <u>Hood</u>, 47 F. Supp 2d at 1148;

17   <u>Stinson</u>, <u>supra</u>, at *6. Therefore, Petitioner is not entitled to

18   equitable tolling of the statute of limitations while he was housed

19   at a prison Reception Center.

20   However, even if Petitioner's lack of access to a law library

21   for 22 days did constitute extraordinary circumstances justifying

22   equitable tolling of the statute of limitations for the same amount

23   of time, Petitioner's Petition is still time barred.

24   B. <u>Failure of Superior Court To Issue Notice of Entry Of</u>
     <u>Judgment</u>

25   Petitioner argues that since the Superior Court did not send

26   him a Notice of Entry of Judgment after it denied his Petition for

27   Writ of Habeas Corpus at the October 8, 2008 hearing, he had to wait

28

1    six months for the Superior Court's ruling to become final.[5/]

2    Respondent argues that Petitioner is incorrect.

3        California Rules of Court, Rule 8.532(b)(2)(C) states that a

4    denial of a petition for writ of habeas corpus within the original

5    jurisdiction of the court is final upon filing. Therefore, Peti-

6    tioner did not have to wait six months for Superior Court's ruling

7    to be final.

8        Additionally, 28 U.S.C. §2244(d)(1)(D) states that the

9    statute of limitations begins to run on the date on which the

10   factual predicate of the claims presented could have been discovered

11   through the exercise of due diligence. On October 8, 2008, Peti-

12   tioner *knew* that the Superior Court denied his Petition for Writ of

13   Habeas Corpus because he was present at the hearing.

14       Petitioner's ignorance of the above-noted rules is not an

15   extraordinary circumstance that warrants equitable tolling of the

16   statute of limitations. <u>Waldron-Ramsey v. Pacholke</u>, 556 F.3d 1008,

17   fn. 4 (9th Cir. 2009); <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th

18   Cir. 2006).

19       Moreover, Petitioner did not wait six months to order a

20   transcript of the October 8, 2008 hearing. On November 11, 2008,

21   Petitioner wrote to the Superior Court asking for a copy of the

22   hearing transcript. (Petitioner's Lodgment No. 10). On December 2,

23

24       [5/]Petitioner cites to California Rules of Court, Rule 4.551(g) for the
     proposition that a California court must issue a *written* statement of reasons for
25   a denial of a petition for writ of habeas corpus. However, that rule simply states
     that, "An order denying a petition for writ of habeas corpus must contain a brief
26   statement of the reasons for the denial." Here, the Superior Court
     held a hearing in which it stated and discussed its reasons for its denial of
27   Petitioner's Petition for Writ of Habeas Corpus. Petitioner does not cite any
     authority to support his assertion that the California court must issue a
28   statement of its reasons for denying a petition for writ of habeas corpus *in
     writing*.

1    2008, the Superior Court informed Petitioner that he was not

2    entitled to a free copy of the transcript. (Petitioner's Lodgment

3    No. 11). On December 17, 2008, Petitioner requested a transcript of

4    the hearing from the court reporter. (Petitioner's Lodgment No. 12).

5    Some time prior to January 30, 2009, Petitioner received a copy of

6    the transcript after he paid for it. (Petitioner's Lodgment No. 14).

7         The unavailability of transcripts is not an extraordinary

8    circumstance that requires equitable tolling of the statute of

9    limitations. U.S. v. Van Poyck, 980 F. Supp 1108, 1111 (C.D. Cal.

10   1997); Perez v. Cate, 2009 WL 5199409 at *15 (S.D. Cal. 2009).

11   Additionally, Petitioner's ignorance that he was not entitled to a

12   free transcript of the October 8, 2008 hearing is not an extraordi-

13   nary circumstance that warrants equitable tolling of the statute of

14   limitations. Waldron-Ramsey, 556 F.3d at 1013, fn. 4; Rasberry, 448

15   F.3d at 1154.

16        Therefore, Petitioner is not entitled to equitable tolling of

17   the statute of limitations in this regard.

18                    C. Misadvisement By Superior Court

19        Petitioner claims that the Superior Court misadvised him to

20   appeal its denial of his Petition for Writ of Habeas Corpus, which

21   he relied on, resulting in another six month delay. Respondent

22   argues that Petitioner's allegations misstate the record.

23        The record reflects that the Superior Court believed that its

24   denial of Petitioner's Petition for Writ of Habeas Corpus was

25   appealable. Petitioner's own attorney corrected the court and stated

26   that Petitioner had to file another petition for writ of habeas

27   corpus in the California Court of Appeal. (Petitioner's Lodgment No.

28

1 at 83). The court informed Petitioner of his appeal rights. The court also informed Petitioner that in addition to, or in place of an appeal, Petitioner had the right to file a petition for writ of habeas corpus in the California Court of Appeal. (Petitioner's Lodgment No. 1 at 83). Then, the court stated, "... that's something I leave to you to address." (Petitioner's Lodgment No. 1 at 84).

Therefore, it is undisputed that Petitioner was advised to file a petition for writ of habeas corpus in the California Court of Appeal.  Petitions for writs of habeas corpus are original petitions in all three levels of the California courts. A petitioner has no right to appeal from a denial of a petition for writ of habeas corpus. In re Clark, 5 Cal. 4th 750, 767 (1993).

Petitioner did not inform himself about whether he should appeal the Superior Court's denial of his Petition for Writ of Habeas Corpus, or whether he should file a petition for writ of habeas corpus in the California Court of Appeal. Petitioner's ignorance of the law is not an extraordinary circumstance that warrants equitable tolling of the statute of limitations. Waldron-Ramsey, 556 F.3d at 1013, fn. 4; Rasberry, 448 F.3d at 1154.

Therefore, Petitioner is not entitled to equitable tolling of the statute of limitations in this regard.

D. Petitioner's Counsel's Conduct

Petitioner argues that his counsel informed him that he would file a Notice of Appeal of the Superior Court's October 8, 2008 denial of his Petition for Writ of Habeas Corpus, but did not file the Notice of Appeal. (Petitioner's Declaration at paras. 13, 17, 22, 23).  He asserts that his counsel's failure led him to believe

1   that his claims were being pursued by his counsel via an appeal,

2   which delayed the filing of his Petition for Writ of Habeas Corpus

3   in the California Court of Appeal. Respondent argues that Petitioner

4   misstates the record.

5       Petitioner offers nothing but his own self-serving Declara-

6   tion to support his assertion that his counsel told him that he

7   would file a Notice of Appeal, but did not do so. In fact, the

8   record presented to the Court belies Petitioner's assertion. As

9   previously noted in this Report and Recommendation, Petitioner's

10  counsel and the Superior Court advised Petitioner that an appeal of

11  the Superior Court's denial was not procedurally available. Rather,

12  Petitioner was advised that the only avenue available was to file a

13  petition for writ of habeas corpus in the California Court of

14  Appeal. (Petitioner's Lodgment No. 1 at 83-84). Therefore, Peti-

15  tioner knew, or should have known, that his attorney was not filing

16  an appeal of the Superior Court's denial of his Petition.

17      Even if Petitioner's assertion were to be believed, an

18  attorney's negligence is not an extraordinary circumstance that

19  warrants the equitable tolling of the statute of limitations. Frye

20  v. Hickman, 273 F.3d 1144 (9th Cir. 2001); Miranda v. Castro, 292

21  F.3d 1063 (9th Cir. 2002).

22      Therefore, Petitioner is not entitled to equitable tolling of

23  the statute of limitations in this regard.

24          E. Superior Court Denial of Transcript

25      Petitioner asserts that his first Petition for Writ of Habeas

26  Corpus to the California Court of Appeal was denied because he

27  failed to provide the court with a transcript of the October 8, 2008

28

1    Superior Court hearing denying his Petition for Writ of Habeas
2    Corpus. He argues that, after he sought a transcript of the hearing
3    from the Superior Court, his request was denied. Respondent does
4    not address this argument.

5         The record presented to this Court reflects that on December
6    2, 2008, the Superior Court informed Petitioner that he was not
7    entitled to a free transcript of the October 8, 2008 hearing.
8    Petitioner's ignorance in not knowing that he was not entitled to a
9    free transcript is not an extraordinary circumstance that requires
10   the equitable tolling of the statute of limitations. Waldron-Ramsey,
11   556 F.3d at 1013, fn. 4; Rasberry, 448 F.3d at 1154.

12        Further, Petitioner argues that the Superior Court informed
13   him that he would receive a free transcript of the October 8, 2008
14   hearing. However, as previously noted in Section II(2)(C) of this
15   Report and Recommendation, the Superior Court advised him of his
16   appeal rights, believing that an appeal was the appropriate way to
17   have its ruling reviewed by a higher court. The court advised
18   Petitioner that, *if an appeal was indeed appropriate, and he chose
19   to appeal the ruling*, he would be provided a free transcript of the
20   hearing. Nevertheless, Petitioner's attorney corrected the court
21   about the propriety of an appeal and stated that Petitioner had to
22   file a petition for writ of habeas corpus in the California Court of
23   Appeal. The court *did not* advise Petitioner that he would be
24   entitled to a free transcript of the hearing if he filed a petition
25   for writ of habeas corpus in the California Court of Appeal.
26   (Petitioner's Lodgment No. 1 at 83-84).

27

28

1    Moreover, Petitioner's ignorance in not knowing that he was
2    not entitled to a free transcript of the hearing when he filed the
3    Petition for Writ of Habeas Corpus in the California Court of
4    Appeal, is not an extraordinary circumstance that requires equitable
5    tolling of the statute of limitations. <u>Waldron-Ramsey</u>, 556 F.3d at
6    1013, fn. 4; <u>Rasberry</u>, 448 F.3d at 1154.

7    Further, in Section II(1) of this Report and Recommendation,
8    the Court ruled that the time interval from when Petitioner filed
9    his first Petition for Writ of Habeas Corpus in the California Court
10   of Appeal to when the California Court of Appeal denied his second
11   Petition for Writ of Habeas Corpus, was tolled because Petitioner
12   was attempting to correct deficiencies in the first Petition for
13   Writ of Habeas Corpus.

14   As a result of the foregoing, the Court finds that Petitioner
15   has failed to establish that he is entitled to equitable tolling of
16   the statute of limitations. Accordingly, the Court declines to
17   equitably toll the statute of limitations and finds that his
18   Petition for Writ of Habeas Corpus filed in this Court is untimely.
19   Consequently, the Court RECOMMENDS that Respondent's Motion to
20   Dismiss be GRANTED.

21                                  III

22                         <u>EVIDENTIARY HEARING</u>

23   Petitioner filed a Motion for Evidentiary Hearing. He claims
24   that his Petition should not be dismissed without an evidentiary
25   hearing.

26   An evidentiary hearing on a petition for writ of habeas
27   corpus is required when a petitioner's allegations, if proved, would

28

1    entitle him to relief, and no state court trier of fact has, after

2    a full and fair hearing, reliably found the relevant facts." Tinsley

3    v. Borg, 895 F.2d 520, 530 (9th Cir. 1990) cert. denied 498 U.S. 1091

4    (1991); Caro v. Calderon, 165 F.3d 1223, 1226 (9th Cir. 1999).

5        Here, the facts pertaining to Respondent's Motion to Dismiss,

6    Petitioner's Opposition to the Motion to Dismiss and Petitioner's

7    assertions that he is entitled to equitable tolling of the statute

8    of limitations, are fully developed in the record presented to the

9    Court by both Petitioner and Respondent. As a result, Petitioner has

10   not alleged facts which could entitle him to relief. Therefore,

11   there is no reason for this Court to hold an evidentiary hearing.

12   Hood, 47 F. Supp 2d at 1148, see Greyson v. Kellam, 937 F.2d 1409,

13   1412 (9th Cir. 1991). Consequently, the Court RECOMMENDS that

14   Petitioner's Motion for an Evidentiary Hearing be DENIED.

15                                    IV

16                            MOTION TO STRIKE

17       Petitioner filed a Motion to Strike Respondent's Motion to

18   Dismiss. He asserts that Respondent's Motion to Dismiss is insuffi-

19   cient as a matter of law, in that Respondent's contentions regarding

20   the delay between the Superior Court's denial of his Superior Court

21   Petition for Writ of Habeas Corpus and the filing of a Petition for

22   Writ of Habeas Corpus in the California Court of Appeal are

23

24

25

26

27

28

1   erroneous. Additionally, he contends that the untimeliness bar[6] is

2   inadequate and should not be applied in this case.

3        Respondent argues that his contentions are based on the law

4   enunciated by the United States Supreme Court and the Ninth Circuit

5   Court of Appeals.

6        Federal Rule of Civil Procedure 12(f) states in pertinent

7   part: "The court may strike from a pleading an insufficient

8   defense..."

9        Here, Respondent filed a Motion to Dismiss which contains

10  *arguments* that Petitioner's Petition should be dismissed because it

11  was not timely filed. These *arguments* are simply *arguments*, not

12  *defenses* to Petitioner's Petition.

13       Moreover, the Court finds that Respondent's contentions are

14  not insufficient as a matter of law, and are not erroneous.

15  Further, the Court finds that the untimeliness bar is not applicable

16  in this case. Instead, Respondent's *arguments* pertain to whether

17  Petitioner's Petition was filed beyond AEDPA's statute of limita-

18  tions, and whether Petitioner is entitled to equitable tolling of

19  the statute of limitations. As a result, the Court RECOMMENDS that

20  Petitioner's Motion to Strike be DENIED.

21

22

23

24  _____

25       [6]A *California* court may rule that a petitioner is unjustifiably delayed in
    presenting his habeas corpus claims to a *California* court. This ruling, known as
    the "untimeliness bar" is a *California* procedural rule which bars a petitioner
26  from bringing his claims in the *California* court that issued the ruling. Bennett
    v. Mueller, 322 F.3d 573, 577-580 (9th Cir. 2003); In re Robbins, 18 Cal. 4th 770,
27  780 (1998). In this case, no *California* court has ruled that Plaintiff's claims
    will not be reviewed due to the "untimeliness bar." Therefore, the *California*
28  "untimeliness bar" is inapplicable in this case.

1

V

2

CONCLUSION AND RECOMMENDATION

3        After a thorough review of the record in this matter, the

4   Court has determined that Petitioner has failed to comply with the

5   AEDPA's statute of limitations and that he is not entitled to

6   equitable tolling of the statute of limitations. 28 U.S.C.A. §

7   2244(d).

8        Accordingly, the Court RECOMMENDS that Respondent's Motion

9   to Dismiss is GRANTED. Further, the Court RECOMMENDS that Peti-

10  tioner's Motion for Evidentiary Hearing and Motion to Strike be

11  DENIED.

12       This Report and Recommendation of the undersigned Magistrate

13  Judge is submitted to the United States District Judge assigned to

14  this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

15       **IT IS ORDERED** that no later than <u>Julu 18, 2011</u>, any party to

16  this action may file written objections with the Court and serve a

17  copy on all parties.  The document should be captioned "Objections

18  to Report and Recommendation."

19       **IT IS FURTHER ORDERED** that any reply to the objections shall

20  be filed with the Court and served on all parties no later than

21  <u>August 1, 2011</u>. The parties are advised that failure to file

22

23

24

25

26

27

28

objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED:  June 17, 2011



_____
Hon. William V. Gallo
U.S. Magistrate Judge

10CV1797