# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RALPH LEON BURTON, | CASE NO. 10cv1797 WQH(WVG) |
|---|---|
| Petitioner, | **ORDER** |
| vs. | |
| MATTHEW CATE, Warden, and EDMUND G. BROWN JR., the Attorney General of the State of California, | |
| Respondents. | |

HAYES, Judge:

The matter before the Court is the Report and Recommendation ("R&R") (ECF No. 21) of Magistrate Judge William V. Gallo, filed on June 17, 2011, recommending that the Court grant Respondent's Motion to Dismiss and deny Petitioner Ralph Leon Burton's Motion to Strike and Motion for Evidentiary Hearing.

**I.    Background**

On October 16, 2006, Petitioner pleded guilty to one count of rape in violation of Cal. Penal Code § 261(a)(2) and oral copulation by force in violation of Cal. Penal Code § 288(a)(c)(2) committed on February 25, 2006. On November 14, 2006, Petitioner was sentenced to eight years of imprisonment. Petitioner did not appeal his convictions or sentence.

On September 30, 2007, Petitioner's Petition for Writ of Habeas Corpus was filed in the Superior Court of California for the County of San Diego. On October 8, 2008, the

Superior Court held a hearing and denied the Petition.

On May 15, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal. On August 5, 2009, the Court of Appeal denied the Petition. On August 8, 2009, Petitioner filed a second Petition for Writ of Habeas Corpus in the California Court of Appeal. On October 20, 2009, the Petition was denied. On October 27, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court. On June 9, 2010, the California Supreme Court denied the Petition.

On August 27, 2010, Petitioner initiated this action by filing his Petition for Writ of Habeas Corpus in this Court. (ECF No. 1).

On November 16, 2010, Respondent filed a Motion to Dismiss. (ECF No. 6). On January 11, 2011, Petitioner filed a Motion to Strike. (ECF No. 9). On January 19, 2011, Respondent filed an Opposition to the Motion to Strike. (ECF No. 13). On February 15, 2011, Petitioner filed an Opposition to the Motion to Dismiss. (ECF No. 14). On March 8, 2011, Respondent filed a Reply. (ECF No. 17). On April 26, 2011, Petitioner filed a Motion for Evidentiary Hearing. (ECF No. 20).

On June 17, 2011, the Magistrate Judge issued a Report and Recommendation recommending that the Court grant Respondent's Motion to Dismiss and deny Petitioner's Motion to Strike and Motion for Evidentiary Hearing. (ECF No. 21). The Magistrate Judge concluded that the Petition is barred by the statute of limitations and Petitioner is not entitled to equitable tolling.

On August 24, 2011, Petitioner filed Objections to the Report and Recommendation. (ECF No. 24).

**II.  Standard of Review**

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); *see also*

*United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## III. Discussion

### A. Statutory Tolling

Petitioner has not objected to the portion of the Report of Recommendation addressing the amount of time in which the statute of limitations was statutorily tolled.

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. The Magistrate Judge correctly found that Petitioner's conviction became final and the statute of limitations began to run on January 13, 2007. The Magistrate Judge correctly found that the statute of limitations was not statutorily tolled from January 13, 2007 through September 30, 2007 (eight months and seventeen days). The Magistrate Judge correctly found that the statute of limitations was not statutorily tolled from October 8, 2008 through May 15, 2009 (seven months and five days). The Magistrate Judge correctly found that the statute of limitations was not statutorily tolled from June 9, 2010 through August 27,

1  2010 (two months and eighteen days).  The Magistrate Judge correctly concluded that the total
2  amount of time in which the statute of limitation was not statutorily tolled equals one year, six
3  months and ten days which exceeds the one year statute of limitations mandated by AEDPA.

4  **B.    Equitable Tolling**

5  Petitioner has not objected to the portions of the Report of Recommendation declining
6  to find that Petitioner is entitled to equitable tolling due to his contentions that the Superior
7  Court failed to issue a notice of entry of judgment, the Superior Court misadvised him of his
8  right to appeal, the Superior Court failed to provide a free transcript, and appellate counsel
9  failed to file a notice of appeal.  After review of the Report and Recommendation, the record
10 and the submissions of the parties, the Court concludes that the Magistrate Judge correctly
11 found that Petitioner is not entitled to equitable tolling on any of these grounds.

12 Petitioner has objected to the portion of the Report of Recommendation declining to
13 find that Petitioner is entitled to equitable tolling due to his time spent in the reception center
14 without access to the law library.  Petitioner has also objected to the  portion of the Report of
15 Recommendation declining to hold an evidentiary.  Accordingly, the Court reviews those
16 portions of the Report and Recommendation de novo.

17 A petitioner is entitled to equitable tolling of the AEDPA one-year limitations period
18 when petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some
19 extraordinary circumstance stood in his way." *Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549,
20 2562 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).  The Court of Appeals
21 has held that "equitable tolling will not be available in most cases, as extensions of time will
22 only be granted if 'extraordinary circumstances' beyond a prisoner's control make it
23 impossible to file a petition on time." *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d
24 1283, 1288 (9th Cir. 1997) (overruled on other grounds by *Calderon v. United States Dist.*
25 *Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998)) (quoting *Alvarez-Machain v. United States*,
26 107 F.3d 696, 701 (9th Cir. 1996)).  The extraordinary circumstances must be the "but-for and
27 proximate cause" of the untimely filing. *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001).

28 "[T]he threshold necessary to trigger equitable tolling (under AEDPA) is very high, lest
the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

1  Petitioner bears the burden of showing that the "extraordinary circumstances" he has identified
2  were the proximate cause of his untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.
3  2003); *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003).

4  Petitioner contends that he is entitled to equitable tolling on the grounds that he was
5  sentenced on November 14, 2006 and he was incarcerated a reception center from November
6  18, 2006 to July 25, 2007[1] without access to the law library during that time. Petitioner
7  contends that he was not aware of, and did not possess, the habeas corpus petition form which
8  was required for him to challenge his conviction until he was transferred to Sierra
9  Conservation Center and provided access to the law library on July 25, 2007. (ECF No. 14 at
10 22-23). Petitioner has submitted his declaration along with lodgments.

11 Respondent contends that although Petitioner would not have had access to a law library
12 while he was housed at the reception center; according to Petitioner's movement history,
13 Petitioner "was never in a reception center for more than 18 days." (ECF No. 17 at 7).
14 Respondent contends that "[a]ccording to Burton's Movement History ... on January 18, 2006,
15 Burton was admitted to the reception center .... [e]ighteen days later, on February 5, 2006, he
16 was transferred from the reception center to a new unit." *Id*. Respondent contends that
17 Petitioner "fails to explain how it is that he suddenly obtained the habeas corpus forms for the
18 San Diego Superior Court on September 30, 2007, as opposed to an earlier date." *Id*. at 8.
19 Respondent has submitted the movement history for Petitioner.

20 In *Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000) (en banc), the petitioner
21 submitted a declaration stating that "the law library of the prison in which he is incarcerated
22 did not have legal materials describing AEDPA until June 1998 ... [and] he had no knowledge
23 of any limitations period prior to December 1998." *Whalem/Hunt*, 233 F.3d at 1147 (quotation
24 omitted). Petitioner contended that the unavailability of AEDPA in the law library was an
25 "impediment" to his filing a habeas corpus petition pursuant to 28 U.S.C. § 2244(d)(1)(B), and
26 alternatively, that he was entitled to "equitable tolling" of the one-year limitation period. *Id*.
27
28      [1] As discussed above, Petitioner was sentenced on November 14, 2006 and the statute of limitations began to run on January 13, 2007. Therefore, the period of time prior to January 13, 2007 does not affect the statute of limitations in this case.

at 1148. The Court of Appeals held that the district court erred in finding that there were "no circumstances consistent with petitioner's petition and declaration under which he would be entitled to a finding of an 'impediment' under § 2244(d)(1)(B) or to equitable tolling." *Id*. The Court of Appeals remanded the case to the district court with instructions to develop the record "[b]ecause determinations of whether there was an 'impediment' under § 2244(d)(1)(B) and whether there are grounds for equitable tolling are highly fact-dependent, and ... the district court is in a better position to develop the facts and assess their legal significance in the first instance...." *Id*.

In a concurring opinion, Circuit Judge Tashima explained: "A petitioner's knowledge of the legal basis of his claims is not the same as knowledge of the procedural rules that must be complied with in order to get a hearing on the merits." *Id*. at 1149 (Tashima, A., concurring). Judge Tashima explained that "an 'impediment' (under the statute) or an 'extraordinary circumstance' (under our equitable tolling cases)" may exist where a petitioner is unable "to learn and be guided by such critically important procedural rules as the governing limitations period." *Id*. Therefore, deprivation of the ability to discover "the most basic procedural rules" necessary to comply with AEDPA's statute of limitations may constitute an impediment under 28 U.S.C. § 2244(d)(1)(B) or justify equitable tolling. *Id.* at 1148-49. However, a delay in access to the prison law library to research and identify the legal basis of a prisoner's claims does not constitute "extraordinary circumstances" for equitable tolling. *Hood v. Galaza*, 47 F. Supp. 2d 1144, 1148 (S.D. Cal. 1999); *Stinson v. Cate*, Case No. CV 09-5069-ODW (RNB), 2010 WL 836930 at *6 (C.D. Cal. Mar. 3, 2010) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)); *cf. Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009) ("Deprivation of legal materials is the type of external impediment for which [the Court of Appeals has] granted equitable tolling.") (quoting *Lott v. Mueller*, 304 F.3d 918, 924-25 (9th Cir. 2002)).

Petitioner has submitted a declaration which states that on November 16, 2006, he was placed in the reception center. (Pet.'s Lodgment 2 Burton Decl. ¶ 3). Petitioner states that "[a]t Chino [California Institution for Men - East] there was no law library available to inmates housed in Reception Center." *Id*. at ¶ 4. Petitioner states that on July 25, 2007, he was

1  transferred to Sierra Conservation Center.  *Id.* at ¶ 7.  Petitioner states that "prior to arriving
2  to [Sierra Conservation Center], [he] did not even know what the MC-275 Petition for Habeas
3  Corpus was."  *Id.* at ¶ 21.

4  Respondent has submitted the movement history for Petitioner, which states: "1/18/2006
5  Admitted to RCC [Reception Center Central] from SC/SD ...."  (ECF No. 17 at 15).  The
6  movement history states: "2/05/2006 Transferred to CIM-E [California Institution for Men -
7  East] from RCC [Reception Center Central]."  *Id.* at 14.  The movement history states:
8  "7/27/2007 Transferred to SCC [Sierra Conservation Center] From CIM-E [California
9  Institution for Men - East]." *Id.*

10  The Court finds that dates for admission to Reception Center Central on January 18,
11  2006 and transfer on February 5, 2006 listed in the movement history report are inconsistent
12  with the Petitioner's sentencing date of November 14, 2006 for crimes which had been
13  committed on February 25, 2006.[2]  The movement history report is incomplete because the
14  left-side margin of the movement history is deleted.  The top of the document states "ge 1" and
15  the bottom of the document states "te: 2/24/11 Time: 3:06:44 PM."  (ECF No. 17 at 15).  These
16  two notations likely state: "Page 1" and "Date: 2/24/11 Time: 3:06:44 PM."  *Id.*  The dates of
17  Petitioner's movements are aligned on the left-side margin and there appears to be a missing
18  digit.  The date of Petitioner's arrival to the reception center likely states "11/18/2006" rather
19  than "1/18/2006" which is consistent with Petitioner's sentencing date of November 14, 2006.
20  The date of Petitioner's transfer to the California Institution for Men - East likely states
21  "12/05/2006" rather than "2/05/2006."  The Court concludes that the movement history report
22  submitted by Respondent is incomplete and inconsistent with Petitioner's sentencing date of
23  November 14, 2006.

24  In addition, the movement history report itself only contains the name of the facility in
25  which Petitioner was housed.  It does not indicate whether Petitioner had access to the law
26  library at any particular facility or whether Petitioner was provided information, or access to
27

28  [2] The Report and Recommendation also states that Petitioner was admitted to the reception center on January 18, 2006 and transferred on February 5, 2006. (ECF No. 21 at 12-13.

1 information, regarding the procedural requirements of AEDPA. *See Whalem/Hunt*, 233 F.3d
2 at 1149 (Tashima, A., concurring) (stating that 'an "impediment" (under the statute) or an
3 "extraordinary circumstance" (under our equitable tolling cases)' may exist where a petitioner
4 is unable 'to learn and be guided by such critically important procedural rules as the governing
5 limitations period.'"). The Court determines that additional factual development is necessary
6 in this case.

## IV.   Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 21) is ADOPTED except for page 11 line 21 through page 13 line 26 regarding the reception center and page 20 line 23 through page 21 line 14 regarding an evidentiary hearing. Petitioner's Motion to Strike (ECF No. 9) is DENIED. Respondent's Motion to Dismiss (ECF No. 6) and Petitioner's Motion for Evidentiary Hearing (ECF No. 20) remain pending. This matter is referred to the Magistrate Judge to further develop the factual record on the issue of whether Petitioner suffered an impediment pursuant to 28 U.S.C. § 2244(d)(1)(B) and whether Petitioner is entitled to equitable tolling for any of the period from January 13, 2007 to July 27, 2007.

DATED: September 28, 2011

**WILLIAM Q. HAYES**
United States District Judge