UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH LEON BURTON,<br><br>　　　　　Petitioner,<br><br>v.<br><br>GARY SANDERS, Warden,<br><br>　　　　　Respondent. | Civil No. 10-1797-WQH(WVG)<br><br>SUPPLEMENTAL REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING<br><br>(DOC. NOS. 6, 20) |

I

INTRODUCTION

On June 17, 2011, the Court filed a Report and Recommendation Granting Respondent's Motion to Dismiss, Denying Petitioner's Motion to Strike and Denying Petitioner's Motion for an Evidentiary Hearing. On September 28, 2011, the District Judge assigned to this case filed an Order ("Order") regarding the Report and Recommendation. The Order stated, *inter alia*:

　　1. The Magistrate Judge correctly found that Petitioner's conviction became final and the statute of limitations on Petitioner's Petition began to run on January 13, 2007. (Order at 3).

2. The Magistrate Judge correctly found that the statute of limitations was not statutorily tolled from January 13, 2007 through September 30, 2007 (8 months 17 days)(Order at 3).

3. The Magistrate Judge correctly found that the statute of limitations was not statutorily tolled from October 8, 2008 through May 15, 2009 (7 months 5 days)(Order at 3).

4. The Magistrate Judge correctly found that the statute of limitations was not statutorily tolled from June 9, 2010 through August 27, 2010 (2 months 18 days)(Order at 3-4).

5. The Magistrate Judge correctly concluded that the total amount of time in which the statute of limitations was not statutorily tolled equals one year, six months and ten days, which exceeds the one year statute of limitations mandated by AEDPA. (Order at 4).

6. The dates for (Petitioner's) admission to Reception Center Central on January 18, 2006 and transfer on February 5, 2006 listed in the movement history report (provided by Respondent) are inconsistent with Petitioner's sentencing date of November 14, 2006. The movement history report is incomplete because the left side margin of the movement history is deleted... The date of Petitioner's movements are aligned on the left side margin and there appears to be a missing digit. (Order at 7).

7. The movement history report itself only contains the name of the facility in which Petitioner was housed. It does not indicate whether Petitioner had access to the law library at any particular facility, or whether Petitioner was provided information, or access to information regarding the procedural requirements of AEDPA. (Order at 7-8).

8. This matter is referred to the Magistrate Judge to further develop the factual record on the issue of whether Petitioner suffered an impediment pursuant to 28 U.S.C. § 2244(d)(1)(B) and whether Petitioner is entitled to equitable tolling (of the statute of limitations) for any of the periods from January 13, 2007 to July 27, 2007. (Order at 8).

On October 6, 2011, the Court filed an Order For Further Briefing which ordered Respondent to:

> 1. ... file an accurate and complete movement history report regarding Petitioner;
> 2. ... file further briefing and declarations of prison personnel that indicate:
>    (a) the names of the facilities at which Petitioner was housed;
>    (b) the dates when Petitioner was housed at each of the facilities at which he was housed;
>    (c) whether Petitioner has or had access to a law library at each facility at which he was housed; or whether Petitioner was provided information or access to information regarding the procedural requirements of AEDPA at each facility at which he was housed. (Order For Further Briefing at 1-2).

On November 16, 2011, Respondent filed the supplemental briefing and lodged with the Court the declarations of prison personnel that contained the information ordered by the Court. On December 14, 2011, Petitioner filed an Opposition To Respondent's Further Briefing.

The Court, having reviewed the Order, Respondent's supplemental briefing, the documents lodged therewith, and Petitioner's Opposition To Respondent's Further Briefing, and GOOD CAUSE APPEARING, HEREBY RECOMMENDS that Respondent's Motion to Dismiss be GRANTED and Petitioner's Motion for Evidentiary Hearing be DENIED.

II

10cv1797

## FURTHER FACTUAL DEVELOPMENT

### A. Petitioner's Movement History

As previously noted in the Order and this Supplemental Report and Recommendation, Petitioner was sentenced on November 14, 2006.

On November 18, 2006, Petitioner was admitted to Reception Center Central. On November 20 and 27, 2006, Petitioner was moved to different units at the Reception Center Central.

On December 5, 2006, Petitioner was transferred to the California Institute For Men - East.[1]

On July 27, 2007, Petitioner was transferred to the Sierra Conservation Center.

On May 21, 2008, Petitioner was temporarily released to Doctors Hospital in Manteca, California. He was returned to the Sierra Conservation Center on the same day.

On August 28, 2008, Petitioner was temporarily released to Mark Twain Hospital in San Andreas, California. He was returned to the Sierra Conservation Center on the same day.

On September 24, 2008, Petitioner was temporarily transferred to the North Kern Prison Reception Center en route to Reception Center Central.

On September 25, 2008, Petitioner was transferred from the North Kern Prison Reception Center to Reception Center Central.

---

[1] Petitioner claims that he was housed at the Chino Reception Center for 240 days. The Court assumes that Petitioner refers to the California Institute for Men in Chino, California. However, Petitioner is incorrect. Petitioner's movement history indicated that he was housed at the Reception Center Central from November 18, 2006 to December 4, 2006. From December 5, 2006 to January 26, 2007, Petitioner was housed at the California Institute For Men. The Order noted that any period of time prior to January 13, 2007 does not affect the statute of limitations in this case. (Order at 5, fn. 1). Therefore, Petitioner's housing at the California Institute For Men from December 5, 2006 to January 12, 2007 does not affect the statute of limitations in this case.

On October 1, 2008, Petitioner was temporarily released to attend a court hearing.

On October 15, 2008, Petitioner was transferred to the Reception Center Central.

On October 30, 2008, Petitioner was transferred from Reception Center Central to the Sierra Conservation Center Administrative Segregation Overflow.

On November 19, 2009, Petitioner was temporarily released to Mark Twain Hospital. He was returned to the Sierra Conservation Center on the same day and was placed in the Main Unit.

On November 20, 2009, Petitioner was transferred to the Sierra Conservation Center Administrative Segregation Overflow.

On August 4, 2010, Petitioner was transferred from the Sierra Conservation Center to the California Correctional Institute Reception Center.

On August 5, 2010, Petitioner was transferred from the California Correctional Institute Reception Center to the California Rehabilitation Center, where he is currently housed.
(Respondent's Lodgment No. 14).

B. <u>Petitioner's Access To the Law Library</u>

As previously noted in Section I of this Supplemental Report and Recommendation, the District Judge assigned to this case found that the statute of limitations on Petitioner's Petition was not tolled from January 13, 2007 to September 30, 2007; from October 8, 2008 to May 15, 2009; and from June 9, 2010 to August 27, 2010, for a total of one year, six months and ten days.

    1. <u>Days When Petitioner Did Not Have Access To a Law Library</u>

On the following days *during the periods in which the statute of limitations was not tolled*, the Court gives Petitioner the benefit of the doubt that he may not have had access to a law library:

     (a) September 27, 2007. Petitioner was transferred from the California Institute For Men - East to the Sierra Conservation Center. (1 day).

     (b) October 8, 2008[2] to October 15, 2008. Petitioner was released to attend a court hearing. (8 days).

     (c) On October 15, 2008, Petitioner was transferred to the Reception Center Central.

     (d) October 15, 2008 to October 30, 2008. Petitioner was housed at the Reception Center Central. (16 days).

     (e) October 30, 2008. Petitioner was transferred to the Sierra Conservation Center. (1 day).

     (f) August 4, 2010. Petitioner was transferred to the California Correctional Institution Reception Center. (1 day).

     (g) August 5, 2010, Petitioner was transferred to the California Rehabilitation Center. (1 day).

The total number of days that Petitioner may not have had access to a law library during the time periods when the statute of limitations was not tolled is 28 days.

     2. <u>Time When Petitioner Had Access To A Law Library</u>

From January 13, 2007 to July 26, 2007, Petitioner was housed at the California Institute For Men - East. Respondent lodged with

---

[2] As previously noted in this Supplemental Report and Recommendation, the statute of limitations on Petitioner's Petition *was not tolled* from October 8, 2008 to May 15, 2009. The statute of limitations *was tolled* from October 1, 2008 to October 7, 2008. The days between October 1, 2008 and October 7, 2008 are not counted in the Court's analysis because the statute of limitations *was tolled* during these dates.

the Court the Declaration of Michael Gill, Litigation Coordinator at the California Institute For Men. Mr. Gill's Declaration states *inter alia*:

    (a) During the time that Petitioner was housed at the California Institute For Men, he had access to the law library.

    (b) During the time that Petitioner was housed at the California Institute For Men, all inmates had access to AEDPA in the law library, upon the inmate's request.

    (c) During the time that Petitioner was housed at the California Institute For Men, there are no records that indicate that Petitioner requested access to the law library. (Respondent's Lodgment No. 15).[3]

From July 27, 2007 to August 4, 2010, Petitioner was housed at the Sierra Conservation Center.[4] Respondent lodged with the Court the Declaration of Mitch Lindenbaum, Senior Librarian at the Sierra Conservation Center. Mr. Lindenbuam's Declaration states *inter alia:*

    (a) On June 9, 2009, Petitioner received services from the law library. He requested and received 960 pages of copies for his Petition for Writ of Habeas Corpus. Petitioner was not present

---

[3] Petitioner claims that there are no records on file at the California Institute for Men. However, Mr. Gill's Declaration states that "there are no records indicating that inmate Burton requested law library access..." (Respondent's Lodgment No. 15 at 1)

Petitioner also claims that Mr. Gill's Declaration contains no "first-hand information, merely a broad recitation of their policy." (Opposition to Respondent's Further Briefing Regarding Equitable Tolling, at 4). However, while Mr. Gill's declaration may contain information provided to him by Christopher Maugham, Senior Library Technician at the California Institute for Men, and Iesha Parrish, Library Technician at the California Institute for Men, it is entirely appropriate for Mr. Gill to rely upon the information provided to him by library personnel in the performance of the their duties. This information sheds light on Petitioner's access and use of the law library while he was housed at the California Institute for Men.

[4] Petitioner states that prior to his arrival at the Sierra Conservation Center, he did not even know what the MC-275 (form) Petition for Writ of Habeas Corpus was. (Declaration of Petitioner in Support of Opposition to Motion to Dismiss at 3).

in the law library on that day. Rather, he received the copies via the Library Paging System, a system to assist inmates who can not easily access the law library for a variety of reasons.

    (b) During the period in which Petitioner was housed at the Sierra Conservation Center, AEDPA was available for Petitioner to review, at his request. (Respondent's Lodgments Nos. 17, 18).[5]

From August 5, 2010 to August 27, 2010, Petitioner was housed at the California Rehabilitation Center. Respondent lodged with the Court the Declaration of William Swafford, Senior Law Librarian of the California Rehabilitation Center. Mr. Swafford's Declaration states *inter alia*:

    (a) During the time that Petitioner has been housed at the California Rehabilitation Center, the law library was available to Petitioner.

    (b) The law library contains rules of court, including the requirements of AEDPA.

    (c) It is exceedingly rare that an inmate will not have library access within 24 hours of a request for use of the library. (Respondent's Lodgment No. 19).

Mr. Swafford also stated in a memorandum dated October 15, 2011:

    (a) Petitioner has never requested a law library appointment from August 2010 to the present.

---

[5] Petitioner admits that while he was housed at the Sierra Conservation Center, he visited the law library and met inmate Jesse Wagner, who offered to assist him in filing a Petition for Writ of Habeas Corpus. (Declaration of Petitioner in Support of Opposition to Motion to Dismiss at 2).

1        (b) Petitioner visited the law library on 11 occasions in 2011: April 13, June 3, 14, 23, July 6 (two different times), 9 14, 26, 29 and August 31. (Respondent's Lodgment No. 20).

### III
### PETITIONER'S PETITION IS ENTITLED TO 28 DAYS OF EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS

As previously noted in Section II.B.1. of this Supplemental Report and Recommendation, the total number of days that Petitioner may not have had access to a law library during the time periods when the statute of limitations was not tolled is 28 days. Subtraction of 28 days from the total amount of days when the statute of limitations was not tolled (1 year, six months ten days), does not result in making Petitioner's Petition timely. Therefore, the Court concludes that, given the days in which Petitioner may not have been able to access a law library, his Petition is untimely.

Moreover, that prior to Petitioner's arrival at the Sierra Conservation Center, he did not know what the MC-275 (form) Petition for Writ of Habeas Corpus was, does not entitle his Petition to equitable tolling of the statute of limitations. A *pro se* petitioner's ignorance of the law is not an extraordinary circumstance that warrants equitable tolling of AEDPA's statute of limitations. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006), Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013, fn. 4 (9th Cir. 2009).

### IV
### THERE WAS NO IMPEDIMENT TO PETITIONER'S

## FAILURE TO FILE A TIMELY PETITION

28 U.S.C. § 2244(d)(1)(B) allows AEDPA's statute of limitations to begin to run on the date on which an *impediment created by State action* in violation of the Constitution or laws of the United States *is removed*, if a petition was prevented from being filed due to the State action.

In <u>Whalem/Hunt v. Early</u>, 233 F.3d 1146 (9th Cir. 2000), the court remanded the case to the district court for an evidentiary hearing related to the equitable tolling arguments made by the petitioner in that case. The first argument was that the law library at the prison where the petitioner was housed did not have legal materials that described AEDPA. The second argument was that the petitioner did not have knowledge of AEDPA's statute of limitations. These factual allegations, taken together, were the basis of the court's reason to remand the case to the district court. <u>Roy v. Lampert</u>, 465 F.3d 964, 974 (9th Cir. 2006). In a concurring opinion in <u>Whalem/Hunt</u>, Ninth Circuit Judge Tashima noted that "an impediment [under § 2244(d)(1)(B)] or an 'extraordinary circumstance' (under our equitable tolling cases)" may exist where a petitioner is unable to "learn and be guided by such critically important procedural rules as the governing limitations period." <u>Whalem/Hunt</u>, 233 F.3d at 1149.

Here, despite Petitioner's protests to the contrary, and except for the 28 days noted in Section II.B.1. of this Supplemental Report and Recommendation, during the time periods when the statute of limitations was not tolled, Petitioner had access to a law library and access to AEDPA. (Respondent's Lodgments Nos. 14, 15,

17, 18, 19, 20). Therefore, Petitioner was able to learn and be guided by AEDPA and its statute of limitations.

Further, the Court's rejection of sufficient equitable tolling of the statute of limitations based on Petitioner's alleged lack of library access "constitutes an implicit rejection of his impediment argument." Gaston v. Palmer, 417 F.3d 1030, 1035 (9th Cir. 2005), modified on other grounds 447 F.3d 1165 (9th Cir. 2006), cert. denied 549 U.S. 1134 (2007); Roy, 465 F.3d at 972, fn. 3; Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1060 (9th Cir. 2007).

Moreover, Petitioner's failure to discover and learn about his legal rights prior to his arrival at the Sierra Conservation Center is not a state action that prevented him from filing a timely Petition. Instead, Petitioner has demonstrated lack of diligence in discovering and learning about his legal rights. Crenshaw v. Tilton, 2008 WL 878887 at *2 (S.D. Cal. 2008).

As a result, the Court finds that Petitioner's Petition is untimely, it is entitled to some equitable tolling of the statute of limitations, but not enough to make his Petition timely, and that he did not suffer from an impediment to timely filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2244(d)(1)(B). Consequently, the Court RECOMMENDS that Respondent's Motion to Dismiss be GRANTED and Petitioner's Motion for an Evidentiary Hearing be DENIED.

**CONCLUSION AND RECOMMENDATION**

1   This Supplemental Report and Recommendation of the under-
2 signed Magistrate Judge is submitted to the United States District
3 Judge assigned to this case, pursuant to the provision of 28 U.S.C.
4 Section 636(b)(1).

5   **IT IS ORDERED** that no later than January 27, 2012, any party
6 to this action may file written objections with the Court and serve
7 a copy on all parties. The document should be captioned "Objections
8 to Report and Recommendation."

9   **IT IS FURTHER ORDERED** that any reply to the objections shall
10 be filed with the Court and served on all parties no later than
11 February 10, 2012. The parties are advised that failure to file
12 objections within the specified time may waive the right to raise
13 those objections on appeal of the Court's order. Martinez v. Ylst,
14 951 F.2d 1153 (9th Cir. 1991).

17 DATED:   December 27, 2011

                                        _____
                                        Hon. William V. Gallo
                                        U.S. Magistrate Judge