1

2

3

4

5

6

7

8       **UNITED STATES DISTRICT COURT**

9       **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    RALPH LEON BURTON,                              CASE NO. 10cv1797 WQH(WVG)

12                               Petitioner,          **ORDER**

          vs.
13    MATTHEW CATE, Warden, and
        EDMUND G. BROWN JR., the Attorney
14    General of the State of California,

15                               Respondents.

16    HAYES, Judge:

17          The matter before the Court is the Supplemental Report and Recommendation ("R&R")

18    (ECF No. 32) of Magistrate Judge William V. Gallo, filed on December 27, 2011,

19    recommending that the Court grant Respondent's Motion to Dismiss (ECF No. 6) and deny

20    Petitioner Ralph Leon Burton's Motion for Evidentiary Hearing (ECF No. 20).

21    **I.     Background**

22          On October 16, 2006, Petitioner pleaded guilty to one count of rape in violation of Cal.

23    Penal Code § 261(a)(2) and oral copulation by force in violation of Cal. Penal Code §

24    288(a)(c)(2) committed on February 25, 2006.  On November 14, 2006, Petitioner was

25    sentenced to eight years of imprisonment.  Petitioner did not appeal his convictions or sentence.

26          On September 30, 2007, Petitioner's Petition for Writ of Habeas Corpus was filed in the

27    Superior Court of California for the County of San Diego.  On October 8, 2008, the Superior

28    Court held a hearing and denied the Petition.

1   On May 15, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in the California

2 Court of Appeal.  On August 5, 2009, the Court of Appeal denied the Petition.  On August 8,

3 2009, Petitioner filed a second Petition for Writ of Habeas Corpus in the California Court of

4 Appeal.  On October 20, 2009, the Petition was denied.  On October 27, 2009, Petitioner filed

5 a Petition for Writ of Habeas Corpus in the California Supreme Court.  On June 9, 2010, the

6 California Supreme Court denied the Petition.

7   On August 27, 2010, Petitioner initiated this action by filing his Petition for Writ of

8 Habeas Corpus in this Court.  (ECF No. 1).

9   On November 16, 2010, Respondent filed a Motion to Dismiss.  (ECF No. 6).

10 Respondent contends that the Petition is barred by the 1 year statute of limitations set forth in

11 the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  On February 15, 2011,

12 Petitioner filed an Opposition to the Motion to Dismiss. (ECF No. 14).  Petitioner contends that

13 he is entitled to sufficient equitable tolling to overcome the statute of limitations provided by

14 AEDPA on the grounds that he was ignorant of the law and there were state-created

15 impediments to his filing a petition for writ of habeas corpus.  On March 8, 2011, Respondent

16 filed a Reply.  (ECF No. 17).  On April 26, 2011, Petitioner filed a Motion for Evidentiary

17 Hearing.  (ECF No. 20).

18   On June 17, 2011, the Magistrate Judge issued a Report and Recommendation

19 recommending that the Court grant Respondent's Motion to Dismiss and deny Petitioner's

20 Motion for Evidentiary Hearing.  (ECF No. 21).  The Magistrate Judge found that the statute

21 of limitation was not tolled for a total of 1 year 6 months and 10 days.  The Magistrate Judge

22 concluded that the Petition was barred by the 1 year statute of limitations set forth in AEDPA.

23   On August 24, 2011, Petitioner filed Objections to the Report and Recommendation.

24 (ECF No. 24).

25   On September 28, 2011, this Court issued an Order adopting the Report and

26 Recommendation's finding that the statute of limitation for Petitioner to file the Petition in this

27 Court was not tolled for a total of 1 year 6 months and 10 days, but referring the matter to the

28 Magistrate Judge for further development of the factual record "on the issue of whether

1   Petitioner suffered an impediment pursuant to 28 U.S.C. § 2244(d)(1)(B) and whether Petitioner

2   is entitled to equitable tolling for any of the period from January 13, 2007 to July 27, 2007."

3   (ECF No. 25 at 8).

4          On October 6, 2011, the Magistrate Judge issued an Order requiring further briefing.

5   (ECF No. 26).   On November 16, 2011, Respondent filed a Supplemental Brief and

6   Supplemental Lodgments.  (ECF Nos. 29-30).  Respondent contends that Petitioner is not

7   entitled to equitable tolling in an amount sufficient to overcome the statute of limitations

8   provided by AEDPA.  On December 14, 2011, Petitioner filed an Opposition.  (ECF No. 31).

9   Petitioner contends that he is entitled to equitable tolling in an amount sufficient to overcome

10  the statute of limitations provided by AEDPA.

11         On December 27, 2011, the Magistrate Judge issued a Supplemental Report and

12  Recommendation recommending that the Court grant Respondent's Motion to Dismiss and deny

13  Petitioner's Motion for Evidentiary Hearing. (ECF No. 32).  The Magistrate Judge found that

14  Petitioner is entitled to an 28 days of equitable tolling; however, the Petition was filed after the

15  1 year statute of limitations provided by AEDPA had expired.

16         The Magistrate Judge stated:

17         IT IS ORDERED that no later than January 27, 2012, any party to this
           action may file written objections with the Court and serve a copy on
18         all parties. The document should be captioned "Objections to Report
           and Recommendation."
19
20         IT IS FURTHER ORDERED that any reply to the objections
           shall be filed with the Court and served on all parties no later than
           February 10, 2012. The parties are advised that failure to file objections
21         within the specified time may waive the right to raise those objections
           on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th
22         Cir. 1991).

23  (ECF No. 32 at 12).  To date, neither party has filed an objection.

24  **II.     Standard of Review**

25         The duties of the district court in connection with a magistrate judge's report and

26  recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C.

27  § 636(b)(1).  When a party objects to a Report and Recommendation, "[a] judge of the [district]

28  court shall make a de novo determination of those portions of the [Report and

    Recommendation] to which objection is made."  28 U.S.C. § 636(b)(1).  When no objections

1   are filed, the district court need not review the Report and Recommendation de novo. *See Wang*

2   *v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114,

3   1121-22 (9th Cir. 2003) (en banc).  A district court may "accept, reject, or modify, in whole or

4   in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b);

5   *see also* 28 U.S.C. § 636(b)(1).  Neither party objected to the Magistrate Judge's Supplemental

6   Report and Recommendation in this case.  This Court has reviewed the Supplemental Report

7   and Recommendation in its entirety and the record in this case.

8          The Court finds that the Magistrate Judge correctly determined that "the total number

9   of days that Petitioner may not have had access to a law library during the time periods

10  when the statute of limitations was not tolled is 28 days." (ECF No. 32 at 9).  The Magistrate

11  Judge correctly determined that Petitioner is not entitled to equitable tolling due to his ignorance

12  of the law.  The Magistrate Judge correctly determined that there was no state-created

13  impediment to Petitioner's filing of a petition for writ of habeas corpus.  The Magistrate Judge

14  correctly concluded: "Subtraction of 28 days from the total amount of days when the statute of

15  limitations was not tolled (1 year, six months ten days), does not result in making Petitioner's

16  Petition timely." *Id.*  The Magistrate Judge correctly concluded that the Petition is barred by

17  the 1 year statute of limitations set forth in AEDPA.

18  **III.    Certificate of Appealability**

19         A certificate of appealability must be obtained by a petitioner in order to pursue an

20  appeal from a final order in a Section 2254 habeas corpus proceeding.  *See* 28 U.S.C. §

21  2253(c)(1)(A); Fed. R. App. P. 22(b).  Pursuant to Rule 11 of the Federal Rules Governing

22  Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when

23  it enters a final order adverse to the applicant."

24         A certificate of appealability may issue "only if the applicant has made a substantial

25  showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  It must appear that

26  reasonable jurists could find the district court's assessment of the petitioner's constitutional

27  claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  The Court

28  concludes that jurists of reason could not find it debatable whether this Court was correct in

    denying the Petition.  The Court denies a certificate of appealability.

1 **IV.    Conclusion**

2         IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 32) is

3 ADOPTED in it entirety.   Respondent's Motion to Dismiss (ECF No. 6) is GRANTED.

4 Petitioner's Motion for Evidentiary Hearing (ECF No. 20) is DENIED.   The certificate of

5 appealability is DENIED.

6 DATED:  February 29, 2012

7                                                  *William Q. Hayes*
                                                   **WILLIAM Q. HAYES**
8                                                  United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28