# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH LEON BURTON,<br><br>               Petitioner,<br>vs.<br>MATTHEW CATE, Warden, and EDMUND G. BROWN JR., the Attorney General of the State of California,<br><br>               Respondents. | CASE NO. 10cv1797 WQH(WVG)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Supplemental Report and Recommendation ("R&R") (ECF No. 32) of Magistrate Judge William V. Gallo, filed on December 27, 2011, recommending that the Court grant Respondent's Motion to Dismiss (ECF No. 6) and deny Petitioner Ralph Leon Burton's Motion for Evidentiary Hearing (ECF No. 20).

**I.    Background**

On October 16, 2006, Petitioner pleded guilty to one count of rape in violation of Cal. Penal Code § 261(a)(2) and oral copulation by force in violation of Cal. Penal Code § 288(a)(c)(2) committed on February 25, 2006. On November 14, 2006, Petitioner was sentenced to eight years of imprisonment. Petitioner did not appeal his convictions or sentence.

On September 30, 2007, Petitioner's Petition for Writ of Habeas Corpus was filed in the Superior Court of California for the County of San Diego. On October 8, 2008, the Superior Court held a hearing and denied the Petition.

1          On May 15, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in the California
2   Court of Appeal. On August 5, 2009, the Court of Appeal denied the Petition. On August 8,
3   2009, Petitioner filed a second Petition for Writ of Habeas Corpus in the California Court of
4   Appeal. On October 20, 2009, the Petition was denied. On October 27, 2009, Petitioner filed
5   a Petition for Writ of Habeas Corpus in the California Supreme Court. On June 9, 2010, the
6   California Supreme Court denied the Petition.

7          On August 27, 2010, Petitioner initiated this action by filing his Petition for Writ of
8   Habeas Corpus in this Court. (ECF No. 1).

9          On November 16, 2010, Respondent filed a Motion to Dismiss. (ECF No. 6).
10  Respondent contends that the Petition is barred by the 1 year statute of limitations set forth in
11  the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On February 15, 2011,
12  Petitioner filed an Opposition to the Motion to Dismiss. (ECF No. 14). Petitioner contends that
13  he is entitled to sufficient equitable tolling to overcome the statute of limitations provided by
14  AEDPA on the grounds that he was ignorant of the law and there were state-created
15  impediments to his filing a petition for writ of habeas corpus. On March 8, 2011, Respondent
16  filed a Reply. (ECF No. 17). On April 26, 2011, Petitioner filed a Motion for Evidentiary
17  Hearing. (ECF No. 20).

18         On June 17, 2011, the Magistrate Judge issued a Report and Recommendation
19  recommending that the Court grant Respondent's Motion to Dismiss and deny Petitioner's
20  Motion for Evidentiary Hearing. (ECF No. 21). The Magistrate Judge found that the statute
21  of limitation was not tolled for a total of 1 year 6 months and 10 days. The Magistrate Judge
22  concluded that the Petition was barred by the 1 year statute of limitations set forth in AEDPA.

23         On August 24, 2011, Petitioner filed Objections to the Report and Recommendation.
24  (ECF No. 24).

25         On September 28, 2011, this Court issued an Order adopting the Report and
26  Recommendation's finding that the statute of limitation for Petitioner to file the Petition in this
27  Court was not tolled for a total of 1 year 6 months and 10 days, but referring the matter to the
28  Magistrate Judge for further development of the factual record "on the issue of whether

1 Petitioner suffered an impediment pursuant to 28 U.S.C. § 2244(d)(1)(B) and whether Petitioner
2 is entitled to equitable tolling for any of the period from January 13, 2007 to July 27, 2007."
3 (ECF No. 25 at 8).

4      On October 6, 2011, the Magistrate Judge issued an Order requiring further briefing.
5 (ECF No. 26). On November 16, 2011, Respondent filed a Supplemental Brief and
6 Supplemental Lodgments. (ECF Nos. 29-30). Respondent contends that Petitioner is not
7 entitled to equitable tolling in an amount sufficient to overcome the statute of limitations
8 provided by AEDPA. On December 14, 2011, Petitioner filed an Opposition. (ECF No. 31).
9 Petitioner contends that he is entitled to equitable tolling in an amount sufficient to overcome
10 the statute of limitations provided by AEDPA.

11      On December 27, 2011, the Magistrate Judge issued a Supplemental Report and
12 Recommendation recommending that the Court grant Respondent's Motion to Dismiss and deny
13 Petitioner's Motion for Evidentiary Hearing. (ECF No. 32). The Magistrate Judge found that
14 Petitioner is entitled to an 28 days of equitable tolling; however, the Petition was filed after the
15 1 year statute of limitations provided by AEDPA had expired.

16      The Magistrate Judge stated:

> IT IS ORDERED that no later than January 27, 2012, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."
>
> IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than February 10, 2012. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

23 (ECF No. 32 at 12). To date, neither party has filed an objection.

24 **II.   Standard of Review**

25      The duties of the district court in connection with a magistrate judge's report and
26 recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C.
27 § 636(b)(1). When a party objects to a Report and Recommendation, "[a] judge of the [district]
28 court shall make a de novo determination of those portions of the [Report and
Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). When no objections

are filed, the district court need not review the Report and Recommendation de novo. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1). Neither party objected to the Magistrate Judge's Supplemental Report and Recommendation in this case. This Court has reviewed the Supplemental Report and Recommendation in its entirety and the record in this case.

The Court finds that the Magistrate Judge correctly determined that "the total number of days that Petitioner may not have had access to a law library during the time periods when the statute of limitations was not tolled is 28 days." (ECF No. 32 at 9). The Magistrate Judge correctly determined that Petitioner is not entitled to equitable tolling due to his ignorance of the law. The Magistrate Judge correctly determined that there was no state-created impediment to Petitioner's filing of a petition for writ of habeas corpus. The Magistrate Judge correctly concluded: "Subtraction of 28 days from the total amount of days when the statute of limitations was not tolled (1 year, six months ten days), does not result in making Petitioner's Petition timely." *Id.* The Magistrate Judge correctly concluded that the Petition is barred by the 1 year statute of limitations set forth in AEDPA.

**III.   Certificate of Appealability**

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a Section 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that jurists of reason could not find it debatable whether this Court was correct in denying the Petition. The Court denies a certificate of appealability.

## IV. Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 32) is ADOPTED in it entirety. Respondent's Motion to Dismiss (ECF No. 6) is GRANTED. Petitioner's Motion for Evidentiary Hearing (ECF No. 20) is DENIED. The certificate of appealability is DENIED.

DATED: February 29, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge